1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    COLIN M. RANDOLPH,                          Case No. 1:20-cv-01434-JLT-SKO (PC)

12                        Plaintiff,              **ORDER DENYING PLAINTIFF'S
                                                  REQUEST FOR APPOINTMENT OF
13           v.                                   COUNSEL**

14    HALL, et al.,                               (Doc. 27)

15                        Defendants.             **ORDER DIRECTING PLAINTIFF TO
                                                  RESUBMIT COPY OF EXHIBIT D TO HIS
16                                                OPPOSITION TO DEFENDANTS'
                                                  MOTION FOR SUMMARY JUDGMENT**

17

18           Plaintiff Colin M. Randolph is proceeding pro se and *in forma pauperis* in this civil rights

19    action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendants Hall and Isais on

20    Plaintiff's claims of First Amendment retaliation.

21    **I.      PROCEDURAL HISTORY**

22           On September 11, 2023, Defendants Hall and Isais filed a motion for summary judgment

23    addressing the merits of Plaintiff's claims. (Doc. 23.)

24           On October 5, 2023, Plaintiff filed his opposition to the summary judgment motion in a

25    document titled "Plaintiff's Objection to Defendants Motion for Summary Judgment; Request for

26    Appointment of Counsel; And to Take Judicial Notice of Exhibits B, E and F and Directed

27    Verdict in Favor of Plaintiff." (Doc. 27.)

28

1      **II.      DISCUSSION**

2                *Request for the Appointment of Counsel*

3           In his opposition to Defendants' motion for summary judgment, Plaintiff requests the

4      appointment of counsel "so that [fraudulent] schemes" by Defendants are "properly and

5      thoroughly addressed in order to stop Defendants from their continued retaliatorial [sic] behavior

6      and complete disregard" for Plaintiff's constitutional rights. (Doc. 27 at 3.)

7                        **A.  Applicable Legal Standards**

8           Plaintiffs do not have a constitutional right to appointed counsel in § 1983 actions. *Rand v.*

9      *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

10     n.1 (9th Cir. 1998). Nor can the Court require an attorney to represent a party under 28 U.S.C. §

11     1915(e)(1). *See Mallard v. U.S. Dist. Court*, 490 U.S. 296, 304-05 (1989). However, in

12     "exceptional circumstances," the Court may request the voluntary assistance of counsel pursuant

13     to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

14          Given that the Court has no reasonable method of securing and compensating counsel, the

15     Court will seek volunteer counsel only in extraordinary cases. In determining whether

16     "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

17     the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

18     complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks &

19     citations omitted). Neither factor is dispositive, and both factors must be considered before a

20     court decides. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998).

21                        **B.  Analysis**

22          The Court must evaluate the likelihood of Plaintiff's success on the merits of his claims.

23     *Rand*, 113 F.3d at 1525. Here, an evaluation of the likelihood of success on the merits cannot be

24     made because Defendants' motion for summary judgment has not yet been submitted for

25     determination. *See, e.g.*, *Branch v. Umphenour*, No. 1:08-cv-01655-SAB (PC), 2023 WL

26     2774690, at *1 (E.D. Cal. Apr. 4, 2023) ("the Court cannot make a determination regarding the

27     likelihood of success on Plaintiff's claims. This matter will be presented to a jury for

28     determination"); *Stevenson v. Beard*, No. 3:18-cv-3079-TWR-RBM, 2020 WL 7227210, at *3

1    (S.D. Cal. Dec. 7, 2020) ("To the extent this case proceeds beyond summary judgment, the Court

2    will be in a better position to make such a determination"); *Garcia v. Smith*, No. 10-cv-1187-

3    AJB-RBB, 2012 WL 2499003, at *3 (S.D. Cal. June 27, 2012) (denying motion for appointment

4    of counsel even though plaintiff's complaint had survived a motion to dismiss, because it was too

5    early to determine whether any of plaintiff's claims would survive a motion for summary

6    judgment). The fact that Defendants have a different version of events than Plaintiff is not  unique

7    to this case and does not justify the appointment of counsel. Even assuming Plaintiff's claims are

8    likely to succeed on the merits, this case does not present exceptional circumstances that warrant

9    the appointment of counsel. Considering the legal issues involved, the Court finds Plaintiff able to

10   articulate his claims in light of their complexity. *Rand*, 113 F.3d at 1525.

11          Following screening of Plaintiff's first amended complaint, the Court found Plaintiff

12   plausibly alleged First Amendment retaliation claims against Defendants Hall and Isais in his first

13   amended complaint. (*See* Doc. 15 at 4.)  The Court finds those retaliation claims are not complex.

14   *Bonin v. Vasquez*, 999 F.2d 425, 428–29 (9th Cir. 1993) (while Plaintiff may have limited

15   knowledge of the law, the Court does not find the issues in this case "so complex that due process

16   violations will occur absent the presence of counsel"); *Winn v. Zuniga*, No. 2:22-CV-0706-DMC-

17   P, 2023 WL 4162981, at *1 (E.D. Cal. June 23, 2023) ("the issue presented in this case, the use of

18   excessive force by a prison guard and retaliation, are not overly complex factually or legally");

19   *Bowell v. Montoya*, No. 1:17-cv-00605-LJO-GSA-PC, 2018 WL 4772030, at *1 (E.D. Cal. Oct.

20   1, 2018) ("Plaintiff's claims - - for retaliation, due process, and failure to protect Plaintiff - - are

21   not complex"); *see also Wiggins v. Segwick*, No. 1:23-cv-00078-KWR-SCY, 2023 WL 2815559,

22   at *1 (D. New Mexico Mar. 13, 2023) ("The claims pertain to discrimination and retaliation with

23   respect to prison grievances, which are not especially complex"); *May v. Keys*, No. 15-10785,

24   2016 WL 11705802, at *1 (E.D. Mich. July 12, 2016) ("This case is not unusually complex. May

25   states one plausible claim – a First Amendment retaliation claim"). Plaintiff's opposition to

26   Defendant's summary judgment motion also demonstrates literacy and an ability to communicate.

27   *See, e.g*., *Williams v. Navarro*, No. 3:18-cv-01318-DMS-RBM, 2021 WL 634752, at *3 (S.D.

28   Cal. Feb. 17, 2021) ("Plaintiff has demonstrated literacy and an ability to communicate through

3

1   pleadings and motions"). Thus, the Court finds Plaintiff can articulate his claims in light of their

2   complexity.

3          Plaintiff is advised that an inability to afford counsel is not an exceptional circumstance

4   warranting the appointment of counsel. *See Callender v. Ramm*, No. 2:16-cv-0694 JAM AC P,

5   2018 WL 6448536, at *3 (E.D. Cal. Dec. 10, 2018) ("The law is clear: neither plaintiff's

6   indigence, nor his lack of education, nor his lack of legal expertise warrant the appointment of

7   counsel"); *see also Howard v. Hedgpeth*, No. 08cv0859 RTB (PCL), 2010 WL 1641087, at *2

8   (E.D. Cal. Apr. 20, 2010) (an inability to find counsel is not a proper factor for the Court to

9   consider). Nor is limited access to the law library an exceptional circumstance because limited

10  law library access is a circumstance common to most prisoners. *Escamilla v. Oboyle*, No. 2:22-

11  cv-2038 KJM AC P, 2023 WL 2918028, at *1 (E.D. Cal. Apr. 12, 2023) ("Circumstances

12  common to most prisoners, such as a lack of legal education and limited law library access, do not

13  establish exceptional circumstances that would warrant a request for voluntary assistance of

14  counsel"); *Vasquez v. Moghaddam*, No. 2:19-cv-01283 AC P, 2022 WL 2133925, at *1 (E.D.

15  Cal. June 14, 2022) ("despite his currently reduced access to the prison law library, the instant

16  motion demonstrates plaintiff's ability to locate and cite to statutes, medical manuals and case

17  law"). Plaintiff is further advised the fact an attorney may be better able to perform research,

18  investigate, and represent Plaintiff during discovery and at trial does not amount to an exceptional

19  circumstance. *Rand*, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. § 1915(e)

20  when district court denied appointment of counsel despite fact that pro se prisoner "may well

21  have fared better-particularly in the realm of discovery and the securing of expert testimony");

22  *Wilborn*, 789 F.2d at 1331; *Courtney v. Kandel*, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL

23  1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial

24  "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment

25  of counsel); *Thornton v. Schwarzenegger*, No. 10CV01583 BTM RBB, 2011 WL 90320, at *7

26  (S.D. Cal. Jan. 11, 2011) (explaining that "[f]actual disputes and anticipated cross-examination of

27  witnesses do not indicate the presence of complex legal issues warranting a finding of exceptional

28  circumstances").

1    While the Court recognizes that Plaintiff is at a disadvantage due to his pro se status and

2    his incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel.

3    *See Wilborn*, 789 F.2d at 1331. The test is whether exceptional circumstances exist, and they exist

4    here. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and

5    would be better served with the assistance of counsel. *Id*. For this reason, in the absence of

6    counsel, federal courts employ procedures which are highly protective of a pro se litigant's rights.

7    *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent

8    standard) (per curiam). In fact, where a plaintiff appears pro se in a civil rights case, the court

9    must construe the pleadings liberally and afford the plaintiff any benefit of the doubt. *Karim-*

10    *Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The rule of liberal

11    construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258,

12    1261 (9th Cir. 1992). Thus, where a pro se litigant can "articulate his claims" in light of the

13    relative complexity of the matter, the "exceptional circumstances" which might require the

14    appointment of counsel do not exist. *Wilborn*, 789 F.2d at 1331; accord *Palmer v. Valdez*, 560

15    F.3d 965, 970 (9th Cir. 2009).

16    In sum, the Court finds no exceptional circumstances warranting the appointment of

17    counsel. *Rand*, 113 F.3d at 1525.

18    ***Resubmission of Exhibit D to Plaintiff's Opposition to Summary Judgment***

19    In reviewing Plaintiff's opposition, the Court notes that Exhibit D to Plaintiff's opposition

20    identified as "Signed Statement, Witness Jorgenson" is illegible. (*See* Doc. 27 at 53-54.)

21    The CDCR form 22 titled Inmate/Parolee Request for Interview, Item or Service is only

22    legible insofar as the form-created portion of the document itself. The handwritten entries on the

23    form are illegible. The copy provided to the Court is so light no portion of "Section A" of the

24    form can be read. (Doc. 27 at 54.)

25    While Plaintiff does not ask the Court to take judicial notice of Exhibit D, Plaintiff will be

26    directed to resubmit this exhibit for the Court's consideration. The remaining exhibits are legible

27    and need not be resubmitted.

28

1

**III.    CONCLSUION AND ORDER**

2

For the reasons stated above, **IT IS HEREBY ORDERED** that:

3

   1.  Plaintiff's request for the appointment of counsel (Doc. 27) is **DENIED**; and

4

   2.  Plaintiff **SHALL** resubmit Exhibit D to his opposition to the motion for summary

5

     judgment **within 21 days** of the date of service of this order.

6

7

IT IS SO ORDERED.

8

Dated:    **October 11, 2023**              /s/ *Sheila K. Oberto*

9

                            UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28