# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>           Plaintiff,<br><br>       v.<br><br>HALL, et al.,<br><br>           Defendants. | Case No. 1:20-cv-01434-JLT-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST FOR RECONSIDERATION OF MAGISTRATE JUDGE'S ORDER DENYING APPOINTMENT OF COUNSEL<br><br>(Doc. 31) |

Colin M. Randolph seeks to hold Defendants liable for violations of his civil right pursuant to 42 U.S.C. § 1983.

**I.      Introduction**

On October 11, 2023, the assigned magistrate judge issued an Order denying Plaintiff's request for the appointment of counsel. (Doc. 28.) On October 23, 2023, Plaintiff filed a document titled "Opposition to Order Denying Plaintiff Request for Appointment of Counsel for Cause…." (Doc. 31.) Plaintiff contends he "has demonstrated with particularity that (D) have circulated false official documents, doctored records and have submitted perjuried [sic] declarations." (*Id.*) Plaintiff asserts he "can not contend with these measures because of his lack of legal prowess and restrictions due to retalaitorial [sic] behavior by custody who are the subject of complaint." (*Id.*)

///

## II. Discussion

The Court construes Plaintiff's filing to be a request for reconsideration pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. That rule provides as follows:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

District court review of magistrate judge orders on non-dispositive motions is limited. A district court judge may reconsider a magistrate judge's ruling on a non-dispositive motion only "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P 72(a). "A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law" and findings of fact are subject to the "clearly erroneous" standard." *Meeks v. Nunez*, Case No. 13cv973-GPC(BGS), 2016 WL 2586681, *2 (S.D. Cal. May 4, 2016) (citing *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. Mar. 22, 2010)).

"The 'clearly erroneous' standard applies to the magistrate judge's factual determinations and discretionary decisions. . ." *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. May 25, 1999) (citations omitted). "Under this standard, 'the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Id.* (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)).

"The 'contrary to law' standard 'allows independent, plenary review of purely legal determinations by the Magistrate Judge.'" *Jadwin v. Cnty of Kern*, 767 F. Supp. 2d 1069, 1110 (E.D. Cal. Jan. 24, 2011) (citing *FDIC v. Fidelity & Deposit Co. of Md*, 196 F.R.D. 375, 378 (S.D. Cal. May 1, 2000)); *see also Computer Econ.*, 50 F. Supp. 2d at 983. A magistrate judge's order "is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin*, 767 F. Supp. 2d at 1110-11 (quoting *DeFazio v. Wallis*, 459 F. Supp. 2d

159, 163 (E.D.N.Y. Oct. 17, 2006).

Here, the magistrate judge's order denying Plaintiff's request for the appointment of counsel (*see* Doc. 28) is neither clearly erroneous nor contrary to law. This Court is not left with a definite and firm conviction the assigned magistrate judge has made a mistake, nor does this Court find the assigned magistrate judge failed to apply or misapplied the relevant statute or case law.

### III.     Conclusion and Order

For the reasons stated above, Plaintiff's request for reconsideration (Doc. 31) of the magistrate judge's order denying the appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated:     **October 31, 2023**

_Jennifer L. Thurston_
UNITED STATES DISTRICT JUDGE