**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| COLIN M. RANDOLPH,<br><br>          Plaintiff,<br><br>     v.<br><br>HALL, et al.,<br><br>          Defendants. | Case No. 1:20-cv-01434 JLT SKO (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT<br><br>(Docs. 23, 36) |

Colin Randolph seeks to hold T. Hall and M. Isais, correctional officers at Kern Valley State Prison, liable for retaliation in violations of his civil rights arising under the First Amendment pursuant to 42 U.S.C. § 1983. (*See generally* Doc. 12.) Defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, asserting:

> (1) Plaintiff's claim of retaliation fails because there is no evidence that Defendants had any knowledge of Plaintiff's protected conduct, thus neither Defendant could be said to have acted with retaliatory motive; (2) Defendants did not take or have the power to cause the adverse actions of placing Plaintiff in Administrative Segregation housing; (3) Defendants' actions had legitimate penological purposes; and (4) Plaintiff cannot show that he suffered an actual injury.

(Doc. 23 at 1.) Plaintiff opposed the motion and filed several exhibits in support of his opposition. (Doc. 27.)

Evaluating evidence submitted by Plaintiff, the magistrate judge found his declaration was

a "sham affidavit." (Doc. 36 at 26-30.) The magistrate judge observed that during a deposition, Plaintiff testified he did not have an independent recollection of conversations with Hall and Isais, but in the declaration he asserted specific details of the conversations. (*Id.* at 27-28.) The magistrate judge found the declaration "involves 'newly remembered' information offered only after Plaintiff testified at this deposition that he did not remember these events." (*Id.* at 28.) The magistrate judge also determined that "Plaintiff presents new facts that contradict his first amended complaint and his deposition testimony." (*Id.* at 29.) Therefore, the magistrate judge recommended it be excluded. (*Id.* at 28-29, *citing Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012); *Van Asdale v. Int'l Game Technology*, 577 F.3d 989, 999-1000 (9th Cir. 2009).)

The magistrate judge found Defendants satisfied the burden "to demonstrate the absence of a genuine issue of material fact." (Doc. 36 at 19.) Specifically, the magistrate judge found that although Plaintiff alleged Defendants "unlawfully placed him ASU in retaliation for filing an earlier civil rights lawsuit," the undisputed facts showed neither of the defendants were responsible for Plaintiff's placement. (*Id.* at 20.) In so finding, the magistrate judge considered evidence submitted by Plaintiff, but found "[n]othing in this document establishes that Defendants Hall and Isais were responsible for having Plaintiff placed in ASU." (*Id.*) Similarly, the magistrate judge found no evidence that Defendants confiscated his legal materials in retaliation for the prior lawsuit. (*Id.* at 21-24.) The magistrate judge found Plaintiff failed to show Defendants "took any adverse action against him." (*Id.* at 24-25.)

The magistrate judge also noted Defendants argued that "there is no evidence that either Hall or Isais knew of Plaintiff's previous lawsuit, case number 1:18-cv-00968, to establish [they] acted with retaliatory motivation." (Doc. 36 at 25.) The magistrate judge took judicial notice of the docket in Case No. 1:18-cv-00968 and observed that the defendants in the prior action did not include those now named. (*Id.* at 10-11, 25.) The magistrate judge opined that "Plaintiff offers nothing more than mere speculation that Hall and Isias took adverse action against him because of his protected activity of having filed an earlier lawsuit Defendants." (*Id.* at 26.) Thus, the magistrate judge concluded Plaintiff "failed to meet his burden of establishing a material dispute that Hall and Isais's actions involved any retaliatory motive." (*Id.* at 29.)

2

Furthermore, the magistrate judge found Defendants presented evidence that Plaintiff's placement in ASU and the inventory of his property served legitimate penological interests. (Doc. 36 at 30.) The magistrate judge determined it was undisputed that "Plaintiff was placed in ASU because he was suspected of conspiring to introduce a controlled substance into the prison when his visitor was caught with marijuana on prison grounds." (*Id.* at 30.) The magistrate judge found the exhibits provided by Plaintiff were "not evidence that inventorying an inmate's property does not serve a legitimate penological interest." (*Id.* at 32.)

The magistrate judge concluded, "The evidence submitted by Plaintiff … does not create a dispute of material fact requiring a jury to resolve the differing versions of truth at trial." (Doc. 36 at 33.) Therefore, the magistrate judge found that "Defendants Hall and Isais are entitled to judgment as a matter of law on Plaintiff's retaliation claims" and recommended Defendants' motion be granted. (*Id.*)

Plaintiff filed timely objections, asserting that the magistrate judge made "an unreasonable determination of the undisputed facts" and an "unreasonable application of federal law & rules of Court." (Doc. 37 at 1, emphasis omitted.) Plaintiff notes he submitted exhibits and declaratory evidence in support of his opposition, and he maintains that there is a genuine dispute of fact. (*Id.* at 1-2.) Plaintiff requests the Court decline the Findings and Recommendations and deny Defendants' motion. (*Id.* at 2.) Defendants filed a response to the Objections, arguing that "Plaintiff provides no valid basis to reject the Magistrate Judge's Findings and Recommendations." (Doc. 38 at 1-2.)

To the extent Plaintiff objects to the Findings and Recommendations as unreasonable, such a general objection is insufficient. *See* Fed. R. Civ. P. 72(b)(2) (requiring any objections to magistrate judges' findings and recommendations to be "specific"); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object"). The Court "will not manufacture arguments" for parties. *Greenwood v. FAA,* 28 F.3d 971, 977 (9th Cir. 1994); *see also Lockert v. Faulkner,* 843 F.2d 1015, 1019 (7th Cir. 1988) (holding general objections do not preserve arguments for appellate review and stating that "[a] district judge should not have to

guess what arguments an objecting party depends on when reviewing a magistrate judge's report").

Plaintiff ignores the finding of the magistrate judge that his declaration was a sham affidavit and should not be considered, as well as the legal bases for the finding made.  Further, Plaintiff fails to address the specific findings of the magistrate judge, who carefully considered the exhibits Plaintiff submitted, including the exhibits referenced in the Objections.  Plaintiff does not identify evidence that Defendants were responsible for the actions alleged—namely, his placement in ASU and the loss of property—or that Defendants were aware of the prior litigation, such that any action could have a retaliatory motivation.  There is no genuine dispute of material fact for any element of Plaintiff's retaliation claim.

According to 28 U.S.C. § 636(b)(1), this Court conducted a de novo review of this case. Having carefully reviewed the matter, including Plaintiff's objections, the Court concludes the Findings and Recommendations to be supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on July 25, 2024 (Doc. 36) are **ADOPTED** in full.
2. Defendants' motion for summary judgment (Doc. 23) is **GRANTED**.
3. Judgment **SHALL** be entered in favor of Defendants.
4. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **September 5, 2024**

UNITED STATES DISTRICT JUDGE

4